Jessee IVRA, Velma Smith, Barbara Jones, Lawrence Woods, Less Doll Twillie, Dorothy Woods, Anna Brown, Hazel A. Drinkwater, Earnestine Taylor, Ora Harris, Mansell Twillie, and Leurlene Price, Appellants,

v.

C.B. BRITTON, President of the Crawfordsville School Board, W.J. Carlson, Robert English, Randall Johnson, and Henry Valentine, Board Members, and G.B. Pouncey, Appellees.

Floyd MUNN, Appellant,

v.

C.B. BRITTON, President of the Crawfordsville School Board, W.J. Carlson, Robert English, Randall Johnson, and Henry Valentine, Board Members, and G.B. Pouncey, Appellees.

Mansell TWILLIE, Wilma J. Thornton, and Florence Perkins, Appellants,

v.

G.B. POUNCEY, Superintendent, Edward Hampton, President of the Crawfordsville School Board, Bill Robinson, David Wallace, W.H. Green, and James Jackson, Jr., Board Members, Appellees.

Less Doll TWILLIE and Dorothy A. Bass, Appellants,

Dewitt D. Martin,

v.

CRAWFORDSVILLE, ARKANSAS SCHOOL DISTRICT NO. 2, Farrington B. Snipes, Jr., President of Board of Directors, W.J. Carlson, Edward Hampton, W.D. Robertson, each in their individual capacity and as members of the Board of Directors of the Crawfordsville Independent School District No. 2, G.B. Pouncey, Superintendent, in his individual capacity and as Superintendent of Schools of Crawfordsville Independent School District No. 2, Appellees.

Less Doll TWILLIE, Dorothy A. Bass, and Dewitt D. Martin, Appellees,

v.

CRAWFORDSVILLE, ARKANSAS SCHOOL DISTRICT NO. 2, Farrington B. Snipes, Jr., President of Board of Directors, W.J. Carlson, Edward Hampton, W.D. Robertson, each in their individual capacity and as members of the Board of Directors of the Crawfordsville Independent School District No. 2, G.B. Pouncey, Superintendent, in his individual capacity and as Superintendent of Schools of Crawfordsville Independent School District No. 2, Appellants.

Less Doll TWILLIE and Dorothy A. Bass, Appellants,

Dewitt D. Martin,

v.

CRAWFORDSVILLE, ARKANSAS SCHOOL DISTRICT NO. 2, Farrington B. Snipes, Jr., President of Board of Directors, W.J. Carlson, Edward Hampton, W.D. Robertson, each in their individual capacity and as members of the Board of Directors of the Crawfordsville Independent School District No. 2, G.B. Pouncey, Superintendent, in his individual capacity and as Superintendent of Schools of Crawfordsville Independent School District No. 2, Appellees.

Nos. 83–2517, 83–2518, 83–2644 and 83–2660.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1984.

Decided Jan. 21, 1985.

John W. Walker, P.A., Little Rock, Ark., Benita Terry Jones, Dallas, Tex., for appellants in No. 83–2517.

Robert V. Light, Little Rock, for appellees in No. 83–2517.

Samuel Turner, Jr., West Memphis, Ark., for appellants Less Doll Twillie and Dorothy Bass and cross appellant Dewitt Martin.

Before BRIGHT, JOHN R. GIBSON, and FAGG, Circuit Judges.

PER CURIAM.

Appellants in these consolidated cases are present and former black employees of the Crawfordsville, Arkansas School District. They appeal from the district court's [1] adverse rulings in employment discrimination actions filed under 42 U.S.C. §§ 1981 and 1983.

In the first of these lawsuits filed in 1974 (*Ivra, et al.*), twelve plaintiffs asserted a variety of allegations of discriminatory treatment in the terms and conditions of employment in the Crawfordsville School District. On October 5, 1983, the district court issued a comprehensive opinion ruling against plaintiffs on all claims and dismissing the complaint. We have carefully reviewed the record and, finding no mistake of fact or law, affirm the dismissal on the basis of the district court's memorandum opinion.

Less Doll Twillie, Dorothy Bass, and Dewitt Martin filed a third suit [2] in 1978, alleging that the school district did not renew their 1977–78 teaching contracts because of their race. Defendants asserted that the non-renewals rested upon declining enrollment, and that the school district made these decisions in accordance with its reduction in force policy. In findings of fact and conclusions of law announced from the bench in August 1983, the district court determined that the initial termination decisions were not based on improper racial considerations. The court found, however, that race was a factor in the school district's failure to follow its policy of giving terminated teachers preferential consideration in rehiring, and that, but for their race, plaintiffs would have been offered reinstatement when appropriate positions became available. Ruling on a related pendant state claim, the trial judge further concluded that because the school district had violated its own policy regarding rehire after a reduction in force, plaintiffs had made a case under Arkansas law, and were entitled to reinstatement to fill the next vacancies for which they were qualified. The district court also awarded some backpay to Bass and Martin, but denied backpay to Twillie because she had returned to graduate school full-time after her termination, and had thus taken herself out of the job market.

On appeal, Twillie, Bass, and Martin challenge the court's failure to find that the school district did not renew their contracts because of their race, and allege various errors in the scope of the relief granted. Defendants cross-appeal, alleging error in the district court's finding of unlawful discrimination and in the scope of the backpay award. In addition, cross-appellants contend that the trial court did not squarely rule on the defense of qualified immunity asserted by the individual defendants, and that the court should have directed dismissal as to defendants in their individual capacities. After examining the record and considering the arguments of the parties on appeal, we conclude that the judgment of the district court should be affirmed. However, we remand this case to the district court for the limited purpose of clarifying whether the monetary awards were assessed against the named defendants in their individual capacities as well as in their official capacities.[3]

Appellants Mansell Twillie, Wilma Thornton, and Florence Perkins filed the fourth lawsuit in 1980, alleging that the school district did not renew their employment

1. The Honorable G. Thomas Eisele, Chief United States District Judge for the Eastern District of Arkansas.

2. A second lawsuit, filed by Floyd Munn, has not been appealed.

3. Should the district court determine that the money judgment applies to the named defendants in their individual capacities, and should the defendants wish to challenge that ruling, we will expedite an appeal on that issue.

contracts in 1979 because of their race. The school district claimed it terminated them for "serious unprofessional and immoral conduct." In a separate opinion issued on October 5, 1983, the district court provided a comprehensive discussion of the issues and evidence in the case, and concluded that plaintiffs had failed to establish that defendants had discriminated against them on the basis of race. The district court further determined that defendants' decision to terminate plaintiffs was not arbitrary or capricious, but was made in good faith and in substantial compliance with the law and the school district's own policies. Finding no error of fact or law, we affirm on the basis of the district court's thoughtful and thorough memorandum opinion.

Accordingly, the judgment of the district court in each of these cases is affirmed, subject to our limited order of remand in the 1978 lawsuit. *See* 8th Cir.R. 14.